IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK V. WILLIAMS,

    Petitioner,

v.                                                        CASE NO. 4:05-cv-00233-MP-EMT

JAMES R. McDONOUGH,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254, Doc. 1, be denied. The Magistrate Judge filed the Report and Recommendation on Friday, December 8, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made.

Petitioner was convicted in state court of armed robbery with a firearm, aggravated battery with a deadly weapon, and burglary of a dwelling while armed, and sentenced on June 12, 2001. The First District Court of Appeal affirmed Petitioner's sentence and conviction on January 7, 2003, and Petition then sought post-conviction relief on November 10, 2003, the denial of which was affirmed on June 7, 2005. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had one year from the date his conviction became final in which to apply for a writ of habeas corpus. 28 U.S.C. §2244(d)(1)(A). However, excluded from this period would be the time during which an application for state collateral review is

pending; that is, until final resolution of state post-conviction proceedings. 28 U.S.C. §2244(d)(2). Petitioner filed the instant petition for writ of habeas corpus on July 3, 2005, which Respondent concedes is timely. Therefore, the statute of limitations for the instant petition has not expired under AEDPA.

In his petition, Petitioner presents eleven grounds for relief, of which all but one are based on ineffective assistance of counsel. Before filing a federal habeas corpus petition, a petitioner must exhaust all available state court remedies, presenting first to the state courts the substance of the federal habeas corpus claim. Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). The Court agrees with the Magistrate that although Petitioner properly exhausted his state court remedies as to his first three claims, he failed to exhaust grounds four through eleven. As to these three properly-exhausted claims of ineffective assistance of counsel, because the state court's conclusion that Petitioner's counsel did not perform deficiently was not an unreasonable application of Strickland or based upon an unreasonable determination of the facts, Petitioner is not entitled to relief. In ground four, Petitioner raises a Brady/Giglio claim, which was not first exhausted in state court, and therefore Petitioner is procedurally barred from raising the claim here. Although the remaining grounds for relief are procedurally defaulted, the Court agrees with the Magistrate that even overlooking the procedural bar, Petitioner cannot state a claim of ineffective assistance, nor can he show cumulative effect from the alleged errors.

Petitioner objects that his trial was fundamentally unfair because his counsel was unconstitutionally ineffective by not requesting alibi and accomplice instructions be read to the jury, and because counsel refused to allow Petitioner to testify at trial. As explained above, these

properly-exhausted claims were all reviewed by the state court, and Petitioner has failed to rebut those factual findings with clear and convincing evidence, or to demonstrate that the state court decision was based upon an unreasonable application of Strickland.  Petitioner also states that he fairly presented to the state court in his Rule 3.850 motion the claim that Ms. Cook's testimony was perjured, and therefore his Brady/Giglio claim is not procedurally barred.  The relevant claim raised in Petitioner's Rule 3.850 motion stated that Petitioner received ineffective assistance of counsel because defense counsel failed to subpoena letters written by Ms. Cook in which she allegedly stated that she was offered a deal by the State to testify against Petitioner.  The Court agrees with the Magistrate that this ineffective assistance claim does not state an independent claim of a Brady/Giglio violation, and therefore cannot suffice as a fair presentation of the Brady/Giglio claim.  Therefore, having considered the Report and Recommendation and the objections thereto, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated by reference in this order;

2. Petitioner's petition for writ of habeas corpus, Doc. 1, is DENIED.

    **DONE AND ORDERED** this   *19th* day of January, 2007

                            *s/Maurice M. Paul*
                      Maurice M. Paul, Senior District Judge